IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-00067 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND REQUEST FOR *FRANKS* HEARING** |
| v. | |
| TIMOTHY JACOB OCKENFELS, | |
| Defendant. | |

On November 22, 2005, the Court heard oral argument on defendant's motion to suppress evidence and request for a *Franks* hearing. Having carefully considered the papers submitted by the parties and the arguments of counsel, the Court DENIES defendant's motion for suppression of evidence and DENIES defendant's request for an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

**DISCUSSION**

The Fourth Amendment protects individuals against unreasonable searches and seizures without probable cause. *See* U.S. Const. amend. IV. Evidence resulting from an unconstitutional search or seizure cannot be admitted as proof against the victim of the search and, therefore, must be suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 485 (1963). In this case, the searches conducted by U.S. Immigration and Customs Enforcement (ICE) agents on three computers owned by defendant and one from Fry's Electronics were valid for the reasons discussed below.

### 1. Fry's Electronics Loaner Computer (Computer #1)

Defendant provides no basis for suppression of evidence with respect to the Fry's loaner computer. Because the search of the loaner computer was conducted after receiving valid consent from the owner of the computer, the search did not require a search warrant. Consent to search is a well-established exception to the Fourth Amendment prohibition on warrantless searches. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). After defendant returned the computer to the store, Fry's had the exclusive right to its possession and was free to give its consent. *See Abel v. United States*, 362 U.S. 217, 241 (1960); *see also United States v. Dorais*, 241 F.3d 1124, 1128-29 (9th Cir. 2001). Thus, evidence from this computer was validly obtained.

### 2. Computer Seized on November 12, 2004 (Computer #2)

Defendant argues that 42 U.S.C § 13032, which requires internet service providers to report any information in its possession concerning child pornography, effectively made AOL a state agent and, therefore, any evidence obtained as a result of this "tip" should be suppressed. However, defendant's challenge lacks merit because he has not presented any facts supporting his contention that AOL performed a "private search" of his account.

In the absence of any facts showing AOL engaged in a "search" and that government agents knew of and acquiesced in this intrusive conduct, defendant's argument essentially amounts to a facial challenge to 42 U.S.C. § 13032. Considering the plain language of the statute, it does nothing more than place a duty on internet service providers to report if they obtain knowledge of facts or circumstances involving child pornography. *See* 42 U.S.C. § 13032(e) (2005). The statute does not, on its face, authorize searches. *See id.* Indeed, section (e) specifically states "nothing in this section may be construed to require a provider of electronic communications services. . .to engage in the monitoring of any user, subscriber, or customer of that provider, or the content of any communication of any such person." *Id.* Thus, providers are not required to take affirmative steps to monitor their customers.

Defendant further contends that the search of Computer #2 exceeded the consent form he signed because he authorized agents to search "only for child pornography." Applying the standard of "objective" reasonableness set forth in *Florida v. Jimeno*, 500 U.S. 248, 251 (1991), this Court concludes that the agents

did not exceed the scope of defendant's consent. The consent form provided a detailed explanation of how the search was to be conducted. Moreover, Special Agent Sean Sherrouse explained to defendant that the objective of the search was to find child pornography. Therefore, a reasonable person could not misunderstand the scope of the intended search.

### 3.  Computer Seized on November 19, 2004 (Computer #3)

Defendant moves to suppress evidence obtained from Computer #3, a computer that defendant purchased after Computer #2 was taken from his residence. Defendant asserts that agents exceeded the scope of the search warrant when they searched his entire hard drive instead of limiting the scope of their search to only child pornography. At the hearing, defendant argued the government illegally obtained evidence unrelated to child pornography, such as information contained in emails and defendant's internet activity on adult pornography websites. This assertion lacks merit because the government may search for items that provide evidence of a crime as well as the contraband related to that crime, so long as there is probable cause. *See* Fed. R. Crim. P. 41 (c)(1-2); *see also Texas v. Brown*, 460 U.S. 730, 741-42 (1983).

Defendant also contends that the descriptions of items to be seized, specifically in Sections 2 and 3 of Attachment B to the warrant, were not sufficiently particularized because they were "extraordinarily vague." These sections provided for the search and seizure of:

> 2. Information or correspondence pertaining to the digital posession, receipt, or distribution of visual depcitions of minors engaged in sexually explicit conduct, as defined by 18 U.S.C. § 2256. . .3. Records specifically relating to the use of a computer and/or an Internet or e-mail account on the premises described in Attachment A in connection with digital possession, receipt, or distribution of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256. . .

11/18/04 Search Warrant, attached as Exhibit D to Defendant's Motion to Suppress, at 19-20. It appears that defendant is presenting a challenge to the requirements of prongs two and three of the test outlined in *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986). However, defendant offers no explanation to this Court why he believes the language used in the warrant offends the Fourth Amendment. From an objective standpoint, the language employed in the warrant is clear and specifically states what federal agents executing the warrant are to search for and seize from defendant's residence. Without more of a showing, the Court cannot conclude that the language of the warrant was too vague to satisfy Fourth Amendment

3

requirements. Therefore, the Court finds no reason to suppress the evidence obtained in the execution of the 11/18/04 search warrant.

### 4. Computer Seized on January 19, 2005 (Computer #4)

Likewise, defendant's last ground for suppression of evidence also fails. Although there is some dispute over whether Computer #4 was in plain view during the course of defendant's arrest on January 19, 2005, defendant does not dispute that agents had the authority to enter the computer room in the course of arresting defendant in the next room. Officers executing an arrest warrant may, as a precautionary matter and without probable cause or reasonable suspicion, look inside closets and other spaces immediately adjoining the place of arrest. *See Maryland v. Buie*, 494 U.S. 325, 334 (1990). Considering the record before this Court, it appears that federal agents legally viewed Computer #4 and were not made aware of its existence by means of an illegal search. Thus, defendant's constitutional rights were not violated.

### 5. Request for *Franks* Hearing

Defendant argues that a *Franks* hearing is required because federal agents affirmatively misled the magistrate judge by knowingly providing or omitting material information that was necessary to a finding of probable cause in issuing search warrants on November 18, 2004 and January 19, 2005. Under *Franks v. Delaware*, a party is entitled to an evidentiary hearing if he makes a substantial preliminary showing that a false statement was: (1) included in the affidavit for the federal warrant; (2) made knowingly and intentionally, or with reckless disregard for the truth; and (3) necessary to the federal magistrate's finding of probable cause. *See Franks*, 438 U.S. at 155-56. A non-conclusory "substantial preliminary showing" of such facts entitles the defendant to an evidentiary hearing. *See id*. at 71-72. However, no hearing is required if "material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause." *Id*. at 172.

Here, defendant fails to make the requisite "substantial preliminary showing." *See id*. at 155. Defendant maintains that the warrants indicate child pornography was found on Computer #1 yet the defense has not found any of this evidence on the mirror image hard drive produced during discovery. However, at the hearing, defendant acknowledged he has not yet run a computer program that would detect the images contained on the hard drive. In addition, this Court finds that defendant's other claims of "misrepresentations

4

and/or omissions" fail to cast doubt on the existence of probable cause rising to the level of a *Franks* violation. *See United States v. Garza*, 980 F.2d 546, 551 (9th Cir. 1992). As a result, there is no basis for this Court to hold an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, defendant's motion to suppress evidence and request for a *Franks* hearing is DENIED.

**IT IS SO ORDERED.**

Dated: November 30, 2005

_____
SUSAN ILLSTON
United States District Judge

5