IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 05-00067 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND DEFENDANT'S MOTION TO SEVER** |
| v. | |
| TIMOTHY JACOB OCKENFELS, | |
| Defendant. | |

On June 27, 2006, the Court heard argument on defendant's motion in limine to sever counts five through seven of the superseding indictment (Docket No. 88), and defendant's motion to reconsider the denial of the motion to suppress (Docket No. 86). On June 30, 2006, defendant filed a supplemental brief regarding the motion to reconsider, and the government filed supplemental papers on July 7 and July 13, 2006. After careful consideration of the parties' papers and arguments, the Court hereby DENIES both motions.

**1.    Motion for Reconsideration**

On November 8, 2005, defendant filed a motion to suppress evidence obtained from a number of computers, including a seizure on January 19, 2005 of a fourth computer from defendant's home. In support of that motion, defendant filed his own declaration, as well as a declaration from Violet Ockenfels. The Court heard oral argument on the motion on November 22, 2005, and denied the motion by order filed December 2, 2005. *See* Docket No. 65.

On June 16, 2006, defendant filed a motion for reconsideration of the December 2, 2005 order. Defendant's motion for reconsideration is limited to the January 19, 2005 seizure of the fourth

computer. Defendant's motion states that defendant has obtained "new evidence" that demonstrates that the computer that was seized on January 19, 2005 was not visible unless the agent had walked several steps into the room in which the computer was located. On June 27, 2006, defendant submitted this "new evidence," namely a declaration from defendant with attached pictures, and a declaration from Violet Ockenfels, also with attached pictures. On June 30, 2006, defendant filed a supplemental brief along with additional pictures of defendant's home. The government filed supplemental papers on July 7 and July 13, 2006.

The Court finds that defendant's motion for reconsideration is improper because it is not based on truly "new" evidence. As stated *supra*, both defendant and Violet Ockenfels submitted declarations in connection with the original motion to suppress; the new declarations simply add more detail and describe the attached pictures. Defendant has provided no explanation for why these declarations were not submitted with the original motion, nor has defendant explained why the motion for reconsideration was filed over six months after the Court's December 2, 2005 order.

The Court also concludes that defendant's motion for reconsideration lacks merit. As stated in the Court's December 2, 2005 order, whether or not the computer was visible until a person was inside the room, "[o]fficers executing an arrest warrant may, as a precautionary matter and without probable cause or reasonable suspicion, look inside closets and other spaces immediately adjoining the place of arrest." *See Maryland v. Buie*, 494 U.S. 325, 334 (1990).

In addition, the Court also holds that, even if the January 19, 2005 seizure was tainted, the evidence obtained from the fourth computer would be admissible under the "inevitable discovery" doctrine. *See generally Nix v. Williams*, 467 U.S. 431 (1984). That doctrine allows the introduction of illegally obtained evidence "if the government can show by a preponderance of the evidence that the tainted evidence would inevitably have been discovered through lawful means." *United States v. Ramirez-Sandoval*, 872 F.2d 1392, 1396 (9th Cir. 1989). "The government can meet its burden by establishing that, by following routine procedures, the police would inevitably have uncovered the evidence." *Id.* at 1399.

Here, it is undisputed that agents obtained a valid search warrant for defendant's AOL accounts on December 21, 2004, approximately one month before defendant was arrested and before the fourth

2

computer was seized. The government has submitted the detailed declaration of Special Agent Nanette Shorten, which states that on December 21, 2004, Magistrate Judge Chen approved a search warrant for AOL email accounts associated with defendant, and that the warrant was served by fax on AOL in Virginia on December 22, 2004. *See* Shorten Decl. ¶ 2. Shorten states that on February 22, 2005, AOL delivered a CD to the Bureau of Immigration and Customs Enforcement in response to the December 21, 2004 search warrant.[1] According to Agent Shorten, the AOL information showed that defendant regularly accessed his account *after* agents seized defendant's third computer on November 19, 2004. *See* Shorten Decl. ¶ 7 & Ex. 1 (AOL printouts). Shorten states that based upon her review of the materials in the case files and her discussions with other agents, she was aware that defendant had repeatedly accessed computers when his earlier computers had been seized by the government. *Id.* at ¶ 8.[2] Shorten further declares that based upon this knowledge, she would have immediately sought a search warrant for any computer she had probable cause to believe defendant possessed. *Id.* at ¶ 9.

The Court concludes that the government has established by a preponderance of the evidence that the fourth computer seized on January 19, 2005 would have been inevitably discovered. Prior to the January 19, 2005 search, the government had already lawfully sought AOL records associated with

---

[1] According to the government, on January 10, 2005, AOL provided a disk that was unresponsive to the search warrant. *See* Shorten Decl. ¶ 3. After the government notified AOL of the deficiency, AOL provided a second disk on February 22, 2005. *Id.*

[2] Shorten states:

I was aware of reliable information in February 2005 that Timothy Jacob Ockenfels had possessed at least three computers in relatively short succession in 2004 that all contained images of child pornography. For example, when ICE agents interviewed Ockenfels on November 15, 2004, he admitted possessing a loaner computer from Fry's Electronics Store earlier that year. ICE agents recovered that computer from Fry's and, through forensic analysis, learned that it contained images of child pornography consistent with the dates Ockenfels possessed it. During the same November 15, 2004 interview, Ockenfels also consented in writing to give his permanent computer to ICE agents. Through forensic analysis, ICE agents learned that it, too, contained images of child pornography, much of which was associated with AOL screenname "Tockenfe". Finally, on November 19, 2004, ICE agents seized a computer pursuant to a search warrant that Ockenfels admitted purchasing just one day after he gave his previous computer to ICE agents. Through forensic analysis, ICE agents learned that this computer also contained images of child pornography, much of which was associated with AOL screenname "TOckenfe".

*Id.* at ¶ 8.

1 defendant. Those records revealed that defendant was accessing his AOL account after his third
2 computer was seized, thus providing probable cause to believe that defendant had access to a new,
3 fourth computer. The AOL information, combined with defendant's demonstrated history of acquiring
4 new and/or replacement computers after the first and second computers were seized, leads the Court to
5 conclude that, if the government had not seized the fourth computer on January 19, 2005, agents would
6 have sought a search warrant after receiving the AOL information on February 22, 2005, and that the
7 government would have inevitably discovered defendant's fourth computer.

8 Defendant contends that even if agents would have sought a search warrant based upon the AOL
9 information obtained on February 22, 2005, the government would have found different evidence in
10 February than what the government found on January 19, 2005, because other people might have had
11 access to the computer and the AOL accounts. Defendant asserts that "it is no stretch to imagine that
12 through innocent actions, the data and files may have been erased, or the computer may have been
13 disposed of." June 30, 2006 Supplemental Brief at 7.

14 The Court is not persuaded by defendant's speculative arguments. Although defendant has not
15 identified who, aside from himself, had direct access to the computer, presumably defendant is referring
16 at least to his mother with whom he lived. It is difficult for the Court to envision any "innocent actions"
17 that a person would take after January 19, 2005 – after defendant was arrested for possession of images
18 of child pornography found on numerous computers – in which images of child pornography would be
19 erased or deleted, or how the recently-acquired computer might be "innocently" disposed.

20 Accordingly, for the foregoing reasons, the Court hereby DENIES defendant's motion for
21 reconsideration.

22

23 **2.    Motion to Sever**

24 Defendant has moved to sever counts five through seven of the superseding indictment on two
25 grounds. First, defendant contends that these counts stem, at least in part, from the allegedly illegally
26 obtained evidence seized on January 19, 2005 from the fourth computer. However, this argument lacks
27 merit in light of the Court's denial of defendant's motion for reconsideration.

28 Second, defendant asserts that the evidence underlying these counts is significantly more graphic

4

and repulsive than the evidence for counts one through four. Defendant states that many of the images recovered from the first three computers depict family members and non-pornographic images of children, but that a movie file which provides the basis for count six is so abhorrent that it "its inclusion will certainly contaminate the issue of whether Mr. Ockenfels ever deliberately downloaded any of the files" with respect to counts one through four. Defendant argues that a jury will be confused and unable to determine what evidence relates to particular counts, and that jurors will become so inflamed after viewing the evidence related to counts five through seven that they will lose their objectivity.

Pursuant to Federal Rule of Criminal Procedure 14, the Court may sever counts to avert prejudice to a defendant. *See* Fed. R. Crim. P. 14; *United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994). However, "Rule 14 sets a high standard for a showing of prejudice." *Vasquez-Velasco*, 15 F.3d at 845. A defendant must prove "clear," "manifest," or "undue" prejudice from a joint trial such that the "prejudice is of such a magnitude that the defendant was denied a fair trial." *Id.* at 845-46 (internal quotations and citations omitted).

Here, defendant has not met this burden. As an initial matter, the Court notes that all seven counts allege a course of conduct during which defendant emailed and viewed images of child pornography on multiple computers. The first six counts charge numerous instances of distributing child pornography under the same statutory subsection, 18 U.S.C. § 2252(a)(1), and involve the same email address. The seventh count charges possession of child pornography, including the same images charged in the transportation counts.[3] All seven counts are factually related and cover approximately the same time period. *Cf. United States v. Smith*, 795 F.2d 841, 850-51 (9th Cir. 1986) (upholding denial of motion to sever factually unrelated firearm and pornography counts because defendant not prejudiced).

Defendant's arguments regarding prejudice hinge on the assertion that the evidence in support of counts five through seven is markedly more disturbing and different in nature than the evidence in

---

[3] Although the indictment does not specify what images are charged under count seven, the government has stated that it will amend count seven in a second superseding indictment, and will provide defense counsel with a list of the file names of each image it intends to introduce at trial in support of this count. *See* United States' Response to Defendant's Motion to Dismiss Count 7 as Insufficient, at 1-2.

5

support of counts one through four. However, the government states that "a multitude of hard-core images of child pornography were recovered from the two computers seized from the defendant in November – including the visual depictions described in Counts One, Two, Three, and Four, which, among other things, graphically depict the vaginal and anal rapes of prepubescent girls." United States' Opposition at 2-3. The government also states that there is substantial overlap among the child pornography found on each of the computers, and that several images on the November computers were also found on the January 19, 2005 computer. *Id.* at 3. With respect to the movie file that forms the basis of count six, the government asserts that equally disturbing movie files of minors engaged in oral and anal sex were also recovered from the computer seized on November 12, 2004. *Id.*[4]

Accordingly, the Court concludes that there is no meaningful qualitative difference between the evidence underlying counts one through four versus counts five through seven that would justify severance. Even if defendant is correct that the movie file on which count six is based is the most repulsive piece of evidence, that fact alone does not meet the high standard for establishing prejudice. *See Vasquez-Velasco*, 15 F.3d at 846 (rejecting defendant's argument that severance was required due to "gruesome and emotionally moving" testimony on one count).

## CONCLUSION

For the foregoing reasons and good cause shown, the Court hereby DENIES defendant' motion for reconsideration and defendant's motion to sever. (Docket Nos. 86 and 88).

**IT IS SO ORDERED.**

Dated: July 17, 2006

SUSAN ILLSTON
United States District Judge

---

[4] Although the Court has not viewed any of the images or movie files described by the parties, defendant does not dispute the government's description of the evidence obtained from defendant's first three computers.

6