IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 05-00067 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS COUNT 10** |
| v. | |
| TIMOTHY OCKENFELS, | |
| Defendant. | |

On September 8, 2006, the Court heard oral argument on defendant's motions to dismiss count ten of the second superseding indictment. (Docket Nos. 137, 139, 150). For the reasons set forth below, the Court hereby DENIES defendant's motions.

**1.     Defendant's Motion to Dismiss for Duplicity**

Count 10 charges:

> From on or about October 13, 2004 to on or about January 19, 2005, in the Northern District of California, the defendant, TIMOTHY JACOB OCKENFELS, did knowingly possess matters, namely three computer hard drives and an America Online account associated with the screenname "Tockenfe", that contained visual depictions that had been shipped and transported in interstate and foreign commerce, and that were produced using materials that had been shipped an transported in interstate and foreign commerce, knowing that such matters contained visual depictions he knew depicted persons under the age of eighteen engaging in sexually explicit conduct, and knowing that the production of such visual depictions involved a person under the age of eighteen engaging in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

Defendant moves to dismiss count 10 as duplicitous because it charges possession of child pornography on two different types of "matter": three computer hard drives and an AOL email account. Aside from the fact that a computer hard drive is a different type of "matter" than an email account, defendant has

not articulated any reason why possession of child pornography on these different types of "matter" amounts to different crimes.

"An indictment is duplicitous where a single count joins two or more distinct and separate *offenses*." *United States v. Ramirez-Martinez*, 273 F.3d 903, 913 (9th Cir. 2001) (holding single count charging transportation of undocumented alien and attempted transportation was duplicitous because two crimes have different mens rea requirements) (emphasis added). Here, the government must prove the same elements with regard to possession of child pornography on either the hard drives or the email account, and thus the Court concludes that count 10 is not duplicitous. In addition, defendant's concerns about unanimity are addressed by the government's request for a specific unanimity instruction on count 10. Accordingly, the Court DENIES defendant's motion to dismiss count 10 as duplicitous.

**2.     Defendant's Motion to Dismiss for Insufficiency**

Defendant also moves to dismiss count 10 for insufficiency. The sufficiency of the indictment "must be measured by determining whether the charging allegations contain the elements of the crime alleged and whether they sufficiently inform the defendant as to what he must be prepared to meet and whether the allegations present with sufficient clarity an issue sufficient to be raised in bar to a subsequent prosecution." *United States v. Buckner*, 610 F.2d 570, 573 (9th Cir. 1979). Here, count 10 of the indictment contains the elements of the crime alleged, identifies the particular "matters" containing depictions of child pornography, and covers a specific time period. In addition, the government has provided the defense access to a list of each image of child pornography it intends to introduce at trial.[1]

Defendant also contends that the AOL email account charged in count 10 is not a "matter" as that word is used in 18 U.S.C. § 2252(a)(4)(B). The Ninth Circuit has held that a "matter" "is the physical medium that contains the visual depiction" of child pornography. *United States v. Lacy*, 119

---

[1] At the hearing, defense counsel stated that defendant's computer expert required additional information, such as identifying codes, related to the list of images. Any issues surrounding the production of these codes shall be addressed, if necessary, in a separate proceeding; what is relevant for the purpose of the instant motion is the undisputed fact that the government has provided the defense with information about all of the images charged in count 10.

2

F.3d 742, 748 (9th Cir. 1997) (holding computer hard drive and computer disks were "matters" under § 2252(a)(4)(B)). The parties dispute whether an email account is a physical medium, and neither party has presented any evidence on the issue. The Court DENIES this aspect of defendant's motion without prejudice to renewal at the close of trial.

Defendant's motion also separately suggests that defendant cannot "possess" depictions of child pornography in an AOL email account because AOL, not defendant, owns the servers and networks associated with the email account. However, as the Ninth Circuit held in *United States v. Romm*, 455 F.3d 990, 999 (9th Cir. 2006), an individual "possesses" depictions of child pornography if he exercises "dominion and control" over it. In *Romm*, the court held that the defendant "possessed" depictions of child pornography contained in the "Internet cache" on his computer because "as the expert testimony here established, Romm could print the images, enlarge them, copy them, or email them to others." *Id.* Accordingly, to the extent that defendant contends he cannot "possess" depictions of child pornography because he does not own the networks and servers supporting the email account, defendant's motion is DENIED. Whether defendant in fact exercised dominion and control over any such images is a question of fact for the trial.

**3.      Defendant's Motion to Dismiss for Vagueness and Overbreadth**

Finally, defendant moves to dismiss count 10 as vague and overbroad. Defendant argues that the word "matter" in § 2252(a)(4)(B) is vague because it could apply to almost anything, and relatedly that the statute is overbroad and impermissibly criminalizes protected speech. The Court concludes these arguments lack merit. As stated *supra*, the Ninth Circuit has already held that "matter" refers to "the physical medium that contains the visual depiction" of child pornography. *Lacy*, 119 F.3d at 748.

Defendant's examples of innocent and/or constitutionally protected activity that would arguably fall under the scope of § 2252(a)(4)(B) – such as a person's thoughts or a cable company's possession of wires over which images of child pornography travel – are misplaced because none of these examples are proscribed by the clear and unambiguous language of that section. Section 2252(a)(4)(B) penalizes the *knowing* possession of child pornography that has been *mailed*, *shipped*, or *transported* in interstate commerce (or produced from materials that were mailed, shipped or transported in interstate commerce).

3

1  *See* 18 U.S.C. § 2252(a)(4)(B). Accordingly, the Court DENIES defendant's motion.[2]

2  **IT IS SO ORDERED.**

4  Dated: September 12, 2006

                                                 SUSAN ILLSTON
                                                 United States District Judge

---

[2] To the extent defendant's motion also argues that an email account is not "matter," that aspect of defendant's motion is DENIED without prejudice to renewal at the close of trial.

4