**United States District Court**

For the Northern District of California

1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    UNITED STATES OF AMERICA,                    No. CR 05-00067 SI

9              Plaintiff,                          **ORDER DENYING DEFENDANT'S**
                                                   **SECOND MOTION FOR**
10      v.                                         **RECONSIDERATION; GRANTING**
                                                   **PLAINTIFF'S MOTION IN LIMINE TO**
11   TIMOTHY J. OCKENFELS,                         **ADMIT SPECIFIC EVIDENCE IN CASE**
                                                   **IN CHIEF; GRANTING IN PART AND**
12             Defendant.                          **DENYING IN PART PLAINTIFF'S**
     _____/             **MOTIONS RE: EXPERT TESTIMONY**
13

14          On November 8, 2006, the Court heard argument on various pretrial motions in this case. After

15   consideration of the papers submitted and the arguments of counsel, the Court makes the following

16   rulings.

17          The Court DENIES defendant's second motion for reconsideration. (Docket No. 180).

18           As a general matter, the Court GRANTS the government's motion to admit specific evidence

19   in its case in chief. The Court finds that some of the evidence, such as lists of screen name buddies and

20   certain chats, are directly relevant to the charges in the indictment. The remaining evidence described

21   in the motion is relevant to, *inter alia*, identity, ownership and control of the computers and email

22   account at issue, and defendant's knowledge and understanding of how computers work. Defendant may

23   raise specific objections to particular evidence at the time of trial. (Docket No. 179).

24          The Court GRANTS in part and DENIES in part the parties' motions related to psychiatric

25   evidence. The Court will permit Dr. Rosenthal to testify regarding his diagnosis of defendant. However,

26   the Court will not allow Dr. Rosenthal to testify regarding any ultimate issues of fact, nor will Dr.

27   Rosenthal be permitted to testify about hypothetical situations. (Docket Nos. 96, 102, 108, 140, 144,

28   and 162).

**United States District Court**

For the Northern District of California

1      The Court GRANTS in part and DENIES in part the government's motion to exclude certain

2  testimony of defendant's computer expert.  At the hearing, the government withdrew its first objection

3  to Ms. Lerche's opinion regarding "newmail."  The government may renew that objection if appropriate.

4  The Court GRANTS the government's motion as to Ms. Lerche's testimony regarding how "Automatic

5  AOL" downloading works, as well as testimony regarding the geographic location of IP addresses, both

6  without prejudice to reconsideration at the time of trial, when defendant may make an offer of proof

7  demonstrating the admissibility of such testimony.  In addition, Ms. Lerche shall not be permitted to

8  testify about defendant's employment records or documents showing when defendant was in jail, as

9  those documents are outside the scope of her expertise.  The Court DENIES the government's motion

10  to the extent the government seeks to preclude Ms. Lerche from testifying about viruses found on

11  defendant's computer.  The Court GRANTS the government's motion with respect to any testimony

12  about "bots," as Ms. Lerche's report does not contain any foundation for her testimony.  (Docket No.

13  145).

14      The Court GRANTS the government's motion to strike defendant's "Summary of Argument in

15  Support of Admissibility of Expert Testimony."[1]

16      **IT IS SO ORDERED.**

17

18  Dated: November 9, 2006                                    _____

19                                                                              SUSAN ILLSTON
                                                                                 United States District Judge

20

21

22

23

24

25

26

27

28      [1]  The Court received a file-stamped copy of the government's motion.  However, this motion does not yet appear on the docket.

2